UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KENDRA MAZE | CIVIL ACTION NO. 6:19-0953 |
| VERSUS | JUDGE SUMMERHAYS |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

### REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge is the Motion to Dismiss [Doc. 13] filed by defendant Mark Garber. The motion is unopposed. For the following reasons, IT IS RECOMMENDED that the motion be granted and that all claims against Garber be dismissed with prejudice, as explained hereinbelow.

On July 24, 2019, plaintiff filed her Complaint for Damages, naming Mark Garber and Officer Blane Miller as defendants [Doc. 1]. On September 3, 2019, Garber filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing the plaintiff failed to validly allege any Section 1983 official capacity claim against him [Doc. 3]. On June 1, 2020, the Court granted in part and denied in part Garber's motion to dismiss, dismissing the Section 1983 claims

˘1˘

asserted against Garber in his official and individual capacity [Doc. 7]. The Court granted plaintiff leave to replead these claims, and plaintiff was granted thirty (30) days from the date of the ruling to file her amended complaint.

Thereafter, plaintiff's counsel, Clay Burgess, filed a motion to withdraw as plaintiff's counsel [Doc. 15]. The undersigned ordered that a telephone conference be conducted on August 19, 2020, however, the plaintiff failed to appear despite being ordered to do so. After discussion with plaintiff's counsel at the conference, the Motion to Withdraw [Doc.15] was GRANTED, and it was ordered that Mr. Burgess notify his client that she had thirty days to notify the Court in writing regarding whether she intends to proceed pro se or whether she will retain new counsel [Doc. 17]. The plaintiff was cautioned that should she fail to comply with this Order, she risked having this matter dismissed for failure to abide by this Court's orders. The Clerk of Court was ordered to serve a certified copy of the Minutes on the plaintiff, and the docket sheet reflects that the plaintiff received notice of these Minutes on August 24, 2020 [Doc. 20]. To date, the plaintiff has failed to file an Amended Complaint and has failed to notify the court regarding whether she intends to retain new counsel or proceed pro se in this matter.

Rule 41(b) of the Federal Rules of Civil Procedure states:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In this case, the plaintiff has failed to comply with Court orders and was put on notice that she risked having her claims dismissed if she further failed to comply. Considering that the plaintiff failed to participate in a court conference as ordered, failed to file an Amended Complaint within the delays allowed by this Court, and failed to notify the court in writing regarding whether she intends to proceed pro se or whether she will retain new counsel within the 30 days ordered by the Court, the undersigned concludes that dismissal is appropriate.

Considering the foregoing, IT IS RECOMMENDED that the Motion to Dismiss [Doc. 13] filed by defendant Mark Garber be GRANTED, and that the claims against defendant Mark Garber in his official and individual capacity be DISMISSED WITH PREJUDICE for repeated failures of the plaintiff to comply with Court orders, as explained herein.

Signed at Lafayette, Louisiana, this 25th day of September, 2020.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE